

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

| | | |
|---|---|---|
| ALLIE JACKSON, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. |
| | § | 5:05-CV-089-C |
| | § | |
| JO ANNE B. BARNHART, | § | |
| Commissioner of Social Security, | § | |
| | § | |
| Defendant. | § | |

## REPORT AND RECOMMENDATION

Plaintiff Allie Jackson seeks judicial review of a decision of the Commissioner of

Social Security denying her applications for Disability Insurance Benefits (DIB) and

Supplemental Security Income (SSI). The United States District Judge, pursuant to

28 U.S.C. § 636(b), referred this case to the United States Magistrate Judge for report and

recommendation, proposed findings of fact and conclusions of law, and a proposed

judgment.

I.   **Facts**

Jackson is fifty-eight years old and previously worked as a home health attendant.

(Tr. 61,  83-84.) In September 2001 a patient kicked her in the stomach. (Tr. 109, 111.)

Jackson initially reported only stomach pain from the assault but began reporting lumbar

back pain in October 2001, and an MRI revealed minor bulging at discs L3-4, L4-5, and L5-

S1. (Tr. 143, 262.) Physicians questioned whether Jackson's back pain was related to the

assault she sustained from the patient; however, Jackson's treating physician at the time believed that the injury caused pre-existing degenerative changes in Jackson's spine to become symptomatic. (Tr. 243, 269.) Regardless, the record shows that Jackson has consistently complained of lumbar back pain and that physicians have treated her lumbar pain with injections, pool therapy, facet blocks, anti-inflammatory drugs, narcotics, and muscle relaxants. (Tr. 168.) Jackson's treating physician, Hemmo Bosscher, M.D., has also treated Jackson for bursitis in her left hip. (Tr. 318.)

Jackson previously submitted applications for Social Security benefits which were denied on January 30, 2003. (Tr. 12.) Jackson did not appeal the denial of the Commissioner's decision, and therefore whether she was disabled on or prior to January 30, 2003, is not the subject matter of this case. The subject at hand is the denial of Jackson's application for DIB in which she alleged that her disability began on January 31, 2003, and her application for SSI, which she filed on June 23, 2003. (Tr. 12, 61-63.) Therefore, in this case, the issue is whether the Commissioner's decision that Jackson was not disabled on or subsequent to January 31, 2003, is correct.

An Administrative Law Judge (ALJ) held a hearing on November 17, 2004, and determined in a decision dated January 18, 2005, that Jackson was not disabled during the relevant time period. (Tr. 16-17, 348.) The ALJ's determination was made at the fourth step of the sequential disability determination evaluation. He determined that despite severe impairments, Jackson retained the residual functional capacity to perform the full range of

2

medium work. (Tr. 15.) He noted that the record established that Jackson had past relevant

work as a Certified Nurse's Assistant (CNA). He noted that Jackson had performed her past

work as a CNA at the heavy exertional level but that a vocational expert testified that the job

of CNA is listed in the Dictionary of Occupational Titles (DOT) as a job performed at the

medium exertional level. (Tr. 15.) The ALJ concluded that based on the vocational expert's

testimony and Jackson's residual functional capacity, Jackson could return to her past work

as a CNA and was therefore not disabled. (*Id.*)

## II.   Standard of Review

Judicial review of the Commissioner's denial of disability benefits is statutorily

limited to determining whether the Commissioner's decision is supported by substantial

evidence and whether proper legal standards were used to evaluate the evidence. 42 U.S.C.

§ 405(g); *Watson v. Barnhart*, 288 F.3d 212, 215 (5th Cir. 2002) (citing *Brown v. Apfel*, 192

F.3d 492, 496 (5th Cir. 1999)). Substantial evidence is more than a scintilla but less than a

preponderance and is such relevant evidence that a reasonable mind might accept as adequate

to support the Commissioner's decision. *Watson*, 288 F.3d at 215 (citation omitted).

Notwithstanding the court's limited review, the court must review the record in its entirety

to determine whether substantial evidence exists. *Villa v. Sullivan*, 895 F.2d 1019, 1022

(5th Cir. 1990). The substantial evidence standard requires more than a "simple search of

the record for isolated bits of evidence" that would support the Commissioner's decision; the

record must be considered as a whole, and the court must "take into account whatever in the

record fairly detracts" from the supporting evidence. *Singletary v. Bowen*, 798 F.2d 818, 822-23 (5th Cir. 1986) (citation omitted).

In this case there is evidence that fairly detracts from the evidence that would support the Commissioner's decision; therefore, remand should issue for further administrative proceedings.

## III.   Discussion

Jackson reported on application documents that she formerly worked as a home care aide. (Tr. 85, 93.) She indicated that her duties in this position included cooking, cleaning, and assisting patients with personal care such as bathing. (Tr. 93.) She also indicated that she was responsible for lifting patients from their beds and moving them to wheelchairs. (*Id.*) She further indicated that her work required her to frequently lift fifty pounds or more and that the most she lifted at her job was ninety-five pounds. (Tr. 84.) Finally, she testified that she was terminated from her last job because she was no longer able to lift and turn patients in their beds as her employer required. (Tr. 352.)

In regard to Jackson's past work the following exchange took place between the ALJ and vocational expert:

> ALJ: Could you please define the exertional demands and the skill requirements of a CNA?
> A:    Yes, sir. Home health attendant. Excuse me. It's listed as medium, generally performed heavy and semi-skilled, SVP three.

(Tr. 357.)

Jackson's statements which indicate that she performed her past work at the heavy exertional level and the vocational expert's testimony that the work is generally performed

at the heavy exertional level contradicts the ALJ's determination that Jackson's past work was performed at the medium exertional level.

The ALJ noted this contradiction; he noted that Jackson testified that she performed her work at the heavy exertional level but also noted that the vocational expert testified that the work was considered to have a medium exertional level. (*Id.*) This, however, was not the vocational expert's testimony. The vocational expert's testimony was that the work was "listed as medium" and "generally performed heavy." (Tr. 357.) Thus, the vocational expert's testimony as to how Jackson's past work is generally performed conflicts with information in the DOT.[1]

The determination regarding the physical demands of a claimant's past work may rest on the claimant's testimony as to the actual demands of his past work or on descriptions of the work as it is generally performed in the national economy. *Villa v. Sullivan*, 895 F.2d 1019, 1022 (5th Cir. 1990). Further, the ALJ may rely on descriptions in the DOT to determine how the job is performed in the national economy. S.S.R. 82-61, 1982 WL 31387. On the other hand, the Fifth Circuit Court of Appeals has advised that the job descriptions in the DOT "should not be given a role that is exclusive of more specific vocational expert testimony . . .." *Carey v. Apfel*, 230 F.3d 131, 145 (5th Cir. 2000).

---

[1]

It should be noted that the DOT does indicate that the profession of CNA is performed at the medium exertional level. It should further be noted that although the ALJ stated that Jackson worked as a CNA, the record as a whole demonstrates that she worked as a home health aide. (*See* Tr. 83-85, 93, 357.) However, whether Jackson worked as a CNA or a home health aide is immaterial for purposes of this report and recommendation because the jobs are similar and both jobs are described in the DOT as medium in exertional level. DICOT 354.377-014; DICOT 355-674-014 (4th ed. 1991, Westlaw).

5

In this case, the vocational expert's testimony that Jackson's past work is generally performed at the heavy exertional level comports with Jackson's testimony that she performed the work at the heavy exertional level. Although the ALJ could rely on the DOT, which indicates that Jackson's past work was performed at the medium exertional level, the fact that both the vocational expert and Jackson testified that the work was performed at the heavy exertional level fairly detracts from the ALJ's conclusion that the work is performed at the medium exertional level. This, in turn, detracts from his conclusion that Jackson was not disabled because she could perform her past work.

A report completed by Jackson's treating physician, Dr. Bosscher, further detracts from the ALJ's ultimate conclusion. Dr. Bosscher's report was completed after the hearing but was submitted to the Appeals Council. (Tr. 4-7, 325-29.) Although Dr. Bosscher's report was not before the ALJ, this court must consider the report in its substantial evidence review. *Higginbotham v. Barnhart*, 405 F.3d 332, 337-38 (5th Cir. 2005). Among Dr. Bosscher's opinions was that Jackson's prognosis was poor, that she could stand and walk less than two hours in an eight-hour day, and that she could never lift more than ten pounds. (Tr. 325-27.)

The ALJ considered the evidence in the record dated after January 31, 2003, to determine whether Jackson was disabled and noted that there were very few medical records from 2003 and 2004 in the record. (Tr. 14.) In fact, the record does not contain an opinion from an examining or treating physician regarding Jackson's physical abilities and limitations

6

in that time period, and the ALJ concluded that there was "no diagnosed evidence to show that the claimant ha[d] a disabling back condition." (*See* Tr. 14-15, 292-324.)  Given the dearth of evidence regarding Jackson's condition during the relevant time period, there is a reasonable possibility that Dr. Bosscher's opinion might have changed the ALJ's ultimate conclusion or his finding that Jackson was capable of work at the medium exertional level.

Work at the medium exertional level requires an individual to lift up to fifty pounds at a time and frequently lift or carry objects weighing up to twenty-five pounds.  20 C.F.R. §§ 404.1567(c), 416.967(c) (2005).  Dr. Bosscher's opinion fairly detracts from the ALJ's opinion that Jackson was capable of such work, much less her past work which Jackson actually performed at the heavy exertional level and which is generally performed at the heavy exertional level.

In sum, there is only a scintilla of evidence in this case that Jackson can perform her past work.  Taken together, the new evidence from Dr. Bosscher and the discrepancy between the vocational expert's testimony and the DOT compels remand for further proceedings and a just and correct determination of Jackson's claims.

## IV.    Recommendation

Based on the foregoing discussion of the issues, evidence and the law, this court recommends that the United States District Court reverse the Commissioner's decision and remand Jackson's case for further administrative proceedings.

## V.    <u>Right to Object</u>

Pursuant to 28 U.S.C. § 636(b)(1), any party has the right to serve and file written objections to the Report and Recommendation within 10 days after being served with a copy of this document. The filing of objections is necessary to obtain de novo review by the United States District Court. A party's failure to file written objections within 10 days shall bar such a party, except upon grounds of plain error, from attacking on appeal the factual findings and legal conclusions accepted by the district court. *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1429 (5th Cir. 1996) (en banc).

Dated: _____November 28_____, 2005.


NANCY M. KOENIG
United States Magistrate Judge

8